IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE LUIS CORRALES | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-168 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Luis Corrales, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Western District of Texas in cause number 4:14-CR-491. Petitioner pleaded guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine. Petitioner's appeal of the judgment was dismissed because Petitioner had waived his right to appeal. Petitioner previously filed an unsuccessful Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and two unsuccessful Motions for Compassionate Release.

The Petition

Petitioner contends the indictment was illegal because the offense conduct did not support a conspiracy charge. Petitioner claims his guilty plea was involuntary due to the alleged ineffective

assistance provided by trial counsel. Finally, Petitioner contends that his sentence was improperly enhanced based on his prior convictions.

## Analysis

Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Id*. A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The "savings clause" of § 2255 allows a prisoner to use § 2241 as the vehicle for attacking a federal conviction only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause offers relief in "extremely limited circumstances." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make § 2255 an inadequate or ineffective remedy. *Tolliver*, 211 F.3d at 878. Further, an intervening change in statutory interpretation is insufficient to invoke the savings clause. *Jones v. Hendrix*, 599 U.S. 465, 471 (2023). Instead, the savings clause allows a petitioner to challenge a federal conviction or sentence under § 2241 only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court...." *Id*. at 478. The Supreme Court identified two examples of circumstances warranting application of the savings clause: (1) if the sentencing court had been dissolved, and (2) if it is impracticable for the sentencing

court to hear the matter for reasons such as the inability of the petitioner to be present at a hearing. *Id*. at 474-75. In addition, § 2241 can be used to challenge issues related to detention, other than challenges to the sentence itself. *Id*. at 478.

Petitioner's claims concerning the constitutionality of his conviction and the length of his sentence do not rise to the level of "unusual circumstances" that would allow him to pursue those claims in a § 2241 petition. As a result, the Petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 20th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3